D. LIMING v. RUFUS KYLE.

[FILED MARCH 31, 1891.]

1. **Fraudulent Conveyances:** CONSIDERATION. In an action against the sheriff, who had levied executions on the stock of goods sold by one H. to K. for the sum of $600, while the proof tended to show that such goods were of the value of $1,000 or upwards, an instruction "that if H. sold the goods to obtain money to pay his debts, you will have to find that H. himself was not guilty of fraud in the sale," *held,* erroneous; an essential element, viz., the consideration, being omitted.

2. ————. A debtor who purchases goods on the faith that he is the owner of certain property, occupies to some extent a trust relation in the possession of such property, and it is his duty if need be to apply the property in good faith to the payment of his

debts. Therefore he cannot donate it where the effect of such donation would be to defeat creditors, nor can he sell it for a greatly inadequate price, as the ·effect of such sale is in part a donation.

ERROR to the district court for Pawnee county. Tried below before BROADY, J.

*Story & Story,* for plaintiff in error, cited: *Hedman v. Anderson,* 6 Neb., 392; *Smith v. Schmitz,* 10 Id., 601; *Bollman v. Lucas,* 22 Id., 797; *Beels v. Flynn,* 28 Id., 575; *Lapham v. Marshall,* 51 Hun [N. Y.], 36; *Rothell v. Grimes,* 22 Neb., 526; *Elwood v. May,* 24 Id., 373; 8 Am. & Eng. Ency., 753.

*G. M. Humphrey,* and *H. C. Lindsay, contra,* cited: *Smith v. Schmitz,* 10 Neb., 601; *Lininger v. Herron,* 18 Id., 453; *Feigley v. Feigley,* 61 Am. Dec., 376; *Freeman v. Hartman,* 45 Ill., 57; *Davidson v. Little,* 22 Pa. St., 245; *Kuykendall v. McDonald,* 57 Am. Dec., 217.

PER CURIAM.

This is an action of replevin.

On the 1st day of August, 1887, one D. Hedgepeth sold a stock of goods at Lewiston, Nebraska, to the defendant in error. On the 27th day of September, 1887, the plaintiff in error levied upon a part of the stock by virtue of an execution issued by the county court of Pawnee county, upon ·a judgment in favor of McCord & Collins, and against Hedgepeth. Defendant in error thereupon replevied the goods, and judgment was rendered in his favor in the court below.

Plaintiff in error claims that the sale from Hedgepeth ·to Kyle was fraudulent as to the creditors of Hedgepeth, and claims that there was error in the proceedings in the court below.

The testimony tends to show that the goods purchased

were of the value of $1,000 or more, and that the defendant in error purchased them for $600.

The court gave the following instruction:

"In addition to what has been said on the law you are instructed that fraud is a question of fact to be determined by the jury, and the burden of proof is upon the party alleging it, and fraud is never presumed in the absence of proof. You have been instructed as to certain circumstances, which, if proven, may be taken by you as circumstantial evidence on the subject, but whether such circumstances have been proven in this case are questions of fact for you to determine; to make the sale fraudulent, the fraud must have been participated in by both seller and buyer; in case the buyer had notice of such facts or circumstances as would arouse on the part of a man of ordinary prudence a suspicion of fraud that would have put him on such inquiry as would have led to knowledge of fraud, that takes the place of and is equivalent to participation in the fraud; but whether there is any such thing in this case is a fact for you to determine. If you find from the evidence that Hedgepeth, in good faith, sold the goods to obtain money to pay on his debts, you will have to find that Hedgepeth himself was not guilty of fraud in the sale; but if he sold to hinder, delay, or defraud his creditors he was a participant in fraud, and the further question for you would be whether plaintiff participated in the fraud."

The court had previously instructed the jury that an inadequate price paid for the goods would not of itself defeat the sale. The instruction first given was clearly prejudicial to the plaintiff in error.

A debtor who contracts debts upon the faith that he is the owner of certain property impliedly agrees that he will act in good faith with his creditors, and, if need be, that he will apply his property in good faith to the payment of his debts. The law, therefore, will not permit him to give

away his property where the effect of the gift would be to deprive creditors of their rights. A sale for an inadequate price is in some sense a gift, and it will be a very dangerous rule to establish if a court should hold that a debtor could give $2 in value in property for every dollar he was owing a creditor. A creditor has no right to ask such a bonus, and a debtor has no right to sacrifice the rights of some of his creditors by virtually giving away a considerable portion of his property. The instruction was clearly wrong and was very prejudicial to the plaintiff in error.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.